# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GULAMNABI VAHORA,<br><br>    Plaintiff,<br><br>    v.<br><br>VALLEY DIAGNOSTICS LABORATORY, INC.,<br><br>    Defendant. | Case No. 1:19-cv-00912-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED WITHOUT LEAVE TO AMEND**<br><br>(Doc. 11)<br><br>**OBJECTIONS DUE: 21 DAYS** |

## I. INTRODUCTION

On July 23, 2019, Defendant Valley Diagnostics Laboratory, Inc. ("VDL") filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 11.) On October 2, 2019, Plaintiff filed an opposition.[1] (Doc. 18.) On October 22, 2019, the motion was referred to the undersigned for findings and recommendation pursuant to 28 U.S.C. § 636(b). The undersigned reviewed the briefs and supporting material and found the matter suitable for decision without oral argument pursuant to Local Rule 230(g). The hearing previously set for November 5, 2019, which the assigned district judge vacated, was therefore not re-set. (*See* Docs. 20, 22.)

For the reasons set forth below, the Court RECOMMENDS that VDL's motion to dismiss be GRANTED without leave to amend.

---
[1] VDL did not file a reply brief.

## II. BACKGROUND[2]

In 2012, Plaintiff and non-party Naeem Mujtaba Qarni ("Qarni") purchased VDL as partners for $200,000. (Doc. 1 ¶ 12.) Plaintiff "infused enormous amounts of money, time and expertise into VDL" but, eventually, Qarni "forced [Plaintiff] out of his role in VDL." (*Id.* ¶¶ 13–14.) On October 26, 2016, Plaintiff filed an action in this court against VDL and Qarni, *Vahora v. Valley Diagnostics Laboratory, Inc. et al.*, No. 1:16-cv-01624-SKO ("*Vahora I*"), and the operative Second Amended Complaint ("SAC") alleged claims for breach of contract against Qarni and VDL based on Qarni's "forc[ing]" Plaintiff out of the VDL partnership. (*See id.* ¶¶ 15, 18, 20, 23, 25.)

A jury trial in *Vahora I* began May 14, 2019, and the jury returned a verdict on May 17, 2019. (*Id.* ¶¶ 16–17.) The jury found in favor of Plaintiff on all claims. (*Id.* ¶¶ 18, 20, 23, 25.) Specifically, the jury found that (1) Qarni breached a contract between Plaintiff and Qarni related to Plaintiff's purchasing an interest in VDL, causing Plaintiff $100,000 in damages; (2) VDL breached a contract between Plaintiff and VDL with respect to loans Plaintiff made to VDL, causing Plaintiff $158,175 in damages; (3) Qarni breached a contract between Plaintiff and Qarni related to loans Plaintiff made to Qarni for the benefit of VDL, causing Plaintiff $65,232 in damages; and (4) Qarni breached a contract between Plaintiff and Qarni related to loans Plaintiff made to Qarni for Qarni's personal benefit, causing Plaintiff $75,000 in damages. (*See id.*)

During discovery in *Vahora I*, Qarni and VDL produced VDL's tax returns from 2012–2017. (*Id.* ¶ 27.) The tax returns showed that Qarni reported owning one hundred percent of VDL's stock each year from 2012–2017. (*Id.*) The tax returns also showed that VDL reported net losses of $251,016, $42,245, $21,860, $26,513, and $10,961 in 2013, 2014, 2015, 2016 and 2017, respectively. (*See id.*)

At trial, Plaintiff and Qarni both testified that Plaintiff paid $120,000 to purchase an

---

[2] The following facts are drawn from Plaintiff's complaint and are assumed to be true for purposes of VDL's motion to dismiss. *See Lazy Y. Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

2

ownership interest in VDL, and emails between Plaintiff and Qarni reflected an agreement of a 50-50 partnership in VDL. (*Id.* ¶¶ 29, 33.) Qarni also testified at trial that he "discretionarily applied" $72,000 of Plaintiff's $120,000 payment to Plaintiff's ownership interests in VDL and that he applied the remainder of Plaintiff's $120,000 payment to VDL's "capital needs." (*Id.* ¶¶ 34, 36.) Qarni's testimony regarding Plaintiff's ownership interest in VDL allegedly "conflicts with the jury's determination that [Plaintiff] owns 50% of VDL" and contradicts the tax returns from 2012–2017 in which Qarni represented he owned one hundred percent of VDL. (*Id.* ¶¶ 36, 38.) Qarni also testified at trial that VDL was profitable in 2018 and that VDL has "opened multiple new locations," but did not provide VDL's tax returns for 2018 and "did not appear to account for revenues from these locations." (*Id.* ¶¶ 39–41.)

On July 2, 2019, Plaintiff filed the complaint in this case, *Vahora v. Valley Diagnostics Laboratory, Inc.*, No. 1:19-cv-00912-DAD-SKO ("*Vahora II*"), requesting appointment of a receiver and alleging claims for an accounting, breach of fiduciary duty, and breach of partnership duties. (*Id.* ¶¶ 43–94.) Plaintiff voluntarily dismissed the request for appointment of a receiver on August 27, 2019. (*See* Docs. 16, 17.)

The *Vahora II* complaint alleges Plaintiff is entitled to an accounting based on the contractual and fiduciary partnership relationship between Plaintiff, Qarni and VDL, and an accounting is necessary because the allegedly false tax returns produced by Qarni during discovery in *Vahora I* render "the assets and liabilities of VDL . . . unknowable." (*See* Doc. 1 ¶¶ 72–74.)

The third claim for breach of fiduciary duties is based on VDL's allegedly "grossly negligent and/or reckless conduct with respect to the knowingly false and fraudulent declaration of 100% ownership interest [in] VDL, since 2012," as evidenced by Qarni's trial testimony in *Vahora I*, and VDL's failure to produce Schedule K-1 tax forms to Plaintiff for each year since 2012, both of which allegedly contravened the duties VDL owed to Plaintiff as a partner. (*See id.* ¶ 79.) The fourth claim for breach of partnership duties alleges that VDL "has failed and refused to provide

3

any information to [Plaintiff] . . . concerning the partnership's business and affairs reasonably required for the proper exercise of the partner's rights and duties[.]" (*Id.* ¶ 93.) Plaintiff seeks relief in the form of an order requiring an accounting of VDL's books and records and requiring VDL to comply with its partnership duties, as well as attorney's fees and costs. (*Id.* at 15.)

### III. MOTION TO DISMISS STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Courts may not supply essential elements not initially pleaded, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), and "'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim,'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000). Further,

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only "plausibly suggest an entitlement to relief." . . . Rule 8(a) "*does not impose a probability requirement at the pleading stage*; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations.

*Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) (internal citations omitted) (emphases in original).

In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

VDL contends the claims in the *Vahora II* complaint are barred by res judicata based on the litigation of *Vahora I*. (Doc. 11-1 at 9–12, 15.) The Court agrees with VDL that Plaintiff's complaint is barred by res judicata.[3]

### A. The Parties' Requests for Judicial Notice

As an initial matter, both parties request the Court take judicial notice of certain documents. (*See* Doc. 11-2; Doc. 18-1.) In general, "a district court may not consider any material beyond the pleadings, in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.

---

[3] Because the Court concludes Plaintiff's complaint is barred by res judicata, the Court need not reach the remaining contentions raised in VDL's motion to dismiss, *see Page v. Mayberg*, No. 2:08-cv-02231-SRT, 2011 WL 3418385, at *2 n.3 (E.D. Cal. Aug. 3, 2011), which, in any event, appear to mostly repeat VDL's res judicata contentions. (*See, e.g.,* Doc. 11-1 at 14 ("Vahora could have and should have sought an accounting in the 2016 Action, but he failed to do so"), 15 ("Under no legal theory is Vahora entitled to recover his investment in the business and still claim the interest the investment was intended to purchase . . . these are issues that were raised in the 2016 Action or which could have been raised in that action.")).

5

1994). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"A document is incorporated by reference if it is 'a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Thompson v. Wells Fargo Bank, N.A.*, No. 1:17-CV-1200 AWI SKO, 2018 WL 1453212, at *2 (E.D. Cal. Mar. 23, 2018) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1988)). Under Rule 201 of the Federal Rules of Evidence, a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice of its own records and the records of other courts. *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *see also* Fed R. Evid. 201.

VDL requests the Court take judicial notice of certain filings from *Vahora I*, including the complaint, first amended complaint, orders on motions to dismiss, and a motion for judgment as a matter of law. (*See* Doc. 11-2.) Plaintiff requests the Court take judicial notice of documents attached to its opposition: the second amended complaint and excerpts from the trial transcript in *Vahora I*. (*See* Doc. 18-1.)

Plaintiff attaches to the complaint the docket and verdict form from *Vahora I*, as well as VDL's tax returns produced in discovery, and incorporates facts and documents from *Vahora I* by reference in the body of the complaint. (*See* Doc. 1 ¶¶ 12–41; Doc. 1-1.) The documents and filings from *Vahora I* are central to the allegations in the complaint, as the *Vahora II* complaint necessarily relies on them in alleging its claims against VDL. (*See* Doc. 1.) The documents from *Vahora I* are also public records available through the Court's electronic filing system, the

6

accuracy of the documents is not questioned by either party, and the documents' accuracy is not subject to reasonable dispute. *See Thompson*, 2018 WL 1453212, at *2.

Accordingly, the parties' requests for judicial notice are granted and the Court takes judicial notice of the record in *Vahora I* pursuant to Rule 201 of the Federal Rules of Evidence, including the documents attached to the complaint, motion to dismiss, and opposition in *Vahora II*. *See id.* (considering the documents and filings from prior litigation in ruling on the defendant's Rule 12(b)(6) motion to dismiss subsequent litigation on res judicata grounds).

Because no disputed issues of fact appear, res judicata is properly raised in VDL's motion to dismiss based upon the Court taking judicial notice of the record in *Vahora I*. *See Silva v. Yosemite Community College District*, 1:19-cv-00795-LJO-EPG, 2019 WL 6878237, at *5 (E.D. Cal. Dec. 17, 2019) ("Res judicata may properly be raised in a Rule 12(b)(6) motion to dismiss based upon the court taking judicial notice of the record in the prior case where no disputed issues of fact appear") (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)); *Stokes v. City of Visalia*, No. 1:17-cv-01350-SAB, 2018 WL 2979765, at *5 (E.D. Cal. June 8, 2018) (Although res judicata is an affirmative defense, a court may properly dismiss an action as barred by res judicata "based upon the facts alleged in the complaint and any facts that are properly subject to judicial notice.") (citation omitted).

**B.     Plaintiff's Claims Are Barred by Res Judicata.**

  **1.     Legal Standard**

When sitting in diversity jurisdiction, "a federal court must apply state res judicata law." *Gramm v. Lincoln*, 257 F.2d 250, 255 n.6 (9th Cir. 1958). Thus, California res judicata law determines what preclusive effect the judgment in *Vahora I* is to be afforded. *See Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). California state courts, however, determine "the res judicata effect of a prior federal court judgment by applying federal standards." *Id.* (citing *Younger v. Jensen*, 26 Cal.3d 397, 411 (1980); *Levy v. Cohen*, 19 Cal.3d 165, 172–73

(1977)). Therefore, federal res judicata standards are applicable here. *See id.*; *see also Thompson*, 2018 WL 1453212, at *2 ("[A] federal court in California sitting in diversity considers the res judicata effect of a prior federal ruling under federal res judicata standards.").

The doctrine of res judicata bars the re-litigation of claims previously decided on the merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005); *see also Bell v. United States*, No. CV F 02-5077 AWI DLB, 2002 WL 1987395, at *4 (E.D. Cal. June 28, 2002) ("The doctrine of res judicata is meant to protect parties against being harassed by repetitive actions."); *Clements v. Airport Auth.*, 69 F.3d 321, 330 (9th Cir. 1995) ("Preclusion doctrine encompasses vindication of both public and private interests. The private values protected include shielding litigants from the burden of re-litigating identical issues with the same party, and vindicating private parties' interest in repose. The public interests served include avoiding inconsistent results and preserving judicial economy.").

Under federal law, "[t]he elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)).

**2. Analysis**

a. <u>Final Judgment on the Merits and Privity Between the Parties</u>

The Court begins by discussing the second and third elements of res judicata because the parties do not dispute these elements. The element of a "final judgment" in the prior litigation, *see Headwaters, Inc.*, 399 F.3d at 1052, is met because there was clearly a final judgment on the merits in *Vahora I*.[4] (*See* Doc. 1-1 at 23–28.)

The third element of res judicata, privity between the parties, is also met because the parties

---

[4] On December 10, 2019, VDL filed a notice of appeal of the judgment in *Vahora I* and posted a supersedeas bond to stay execution of the judgment until the appeal is resolved. *See* No. 1:16-cv-01624-SKO, Docs. 182, 183, 184.

8

to *Vahora I* and *Vahora II* are identical except that Qarni is not a named defendant in *Vahora II*, and VDL and Qarni share a common interest in the claims at issue in *Vahora II* and *Vahora I*. *See In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (citations omitted); *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) (citation omitted); *see also Shaw v. Hahn*, 56 F.3d 1128, 1131–32 (9th Cir. 1995) (finding privity where the interests of the party in the subsequent case were shared with and adequately represented by the party in the previous case).

### b. Identity of Claims

The parties dispute the element of "identity of claims," specifically, whether the claims brought in *Vahora II* could have been brought in *Vahora I*. (Doc. 11-1 at 9–13; Doc. 18 at 10–14); *see Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2003).

A party cannot avoid the bar of res judicata merely because the subsequent action alleges conduct by the defendant not alleged in the prior action, nor because it pleads a new legal theory. *Constantini*, 681 F.2d at 1201. "Rather, the crucial question is whether [the party] has stated in the instant suit a cause of action different from those raised in his first suit." *Id.* However, "[t]he fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, *or could have*, been litigated." *Tahoe-Sierra*, 322 F.3d at 1077–78 (emphasis added). Instead, "[i]dentity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" *Id.* at 1078 (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)). Accordingly, "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.*

"It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir.

1998) (citations omitted).

In determining "identity of claims," courts consider four factors: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982) (citation omitted). The fourth factor is the most important. *Id.* at 1202 ("The last of these criteria is the most important"); *see also Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917–18 (9th Cir. 2012). The Court therefore turns to the fourth factor first. *See Rocha v. California Dep't of Corrections and Rehabilitation*, No. 1:14-cv-00842-BAM, 2014 WL 6685010, at *8 (E.D. Cal. Nov. 25, 2014).

### i. **Vahora I** *and* **Vahora II** *Arise from the Same Transactional Nucleus of Facts***.**

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (citation omitted). Two cases arise from the same transaction or series of transactions where the cases "share a factual foundation such that they could have been tried together." *Rocha*, 2014 WL 6685010, at *8 (citing *W. Systems, Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)); *see also U.S. v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011) ("[T]he inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the first action.").

Here, *Vahora I* and *Vahora II* share a common transactional nucleus of facts pertaining to Plaintiff and Qarni's partnership in VDL and the alleged violation of the terms of the partnership agreement by Qarni and VDL. (*Compare* Doc. 1 *with* Doc. 18-1 at 4–31.) The complaint in

*Vahora II* and the SAC in *Vahora I* contain many of the same facts, with the main difference being that the complaint in *Vahora II* alleges the contents of the SAC and the events of the jury trial in *Vahora I*. (*See* Doc. 1 ¶¶ 15–41.) Further, as Plaintiff concedes, the tax returns that form the basis for Plaintiff's claims in *Vahora II* were produced in discovery in *Vahora I*. (*See* Doc. 18 at 12 n.5) ("The Complaint details the tax returns produced by VDL and Mr. Qarni as constituting evidence of VDL's profitability and ownership prior to trial in the Civil Action.").

Plaintiff does not dispute that *Vahora I* and *Vahora II* involve the same transactional nucleus of facts, but contends that the claims in *Vahora II* are not barred by res judicata "because they are based upon evidence that was unavailable to Plaintiff until the third day of trial in [*Vahora I*]," namely, Qarni's testimony at trial that Plaintiff "owned at least 36% of VDL." (Doc. 18 at 11.) Plaintiff contends that prior to Qarni's testimony, Plaintiff "never had a basis . . . to make out a case for breach of the duties owed to a partner" and "had no reason to seek an accounting" prior to Qarni's ostensible "admission" of Plaintiff's ownership interest.[5] (*See id.* at 11, 13.)

The Court is not persuaded. Newly discovered evidence typically does not prevent the application of res judicata. *See Constantini*, 681 F.2d at 1202–03; *Eichman v. Fotomat Corp.*, 880 F.2d 149, 156 (9th Cir. 1989); *Guerrero v. Katzen*, 774 F.2d 506, 508 (D.C. Cir. 1985); *Dreyfus v. First National Bank of Chicago*, 424 F.2d 1171, 1175 (7th Cir. 1970), *cert. denied*, 400 U.S. 832 (1970). The exception to this rule is when evidence was "fraudulently concealed" by the opposing party and the plaintiff "diligently attempted to uncover the information that he says was concealed." *Constantini*, 681 F.2d at 1202–03; *see also L-Tec Electronics Corp. v. Cougar Electronic Organization, Inc.*, 198 F.3d 85, 88 ("*Res judicata* applies even where new claims are

---

[5] Although not raised in his opposition to the motion to dismiss, Plaintiff's complaint in *Vahora II* is also premised in part on the assertion that the jury in *Vahora I* made a finding "that Dr. Vahora owns 50% of VDL." (*See, e.g.,* Doc. 1 ¶¶ 36, 84.) However, the jury in *Vahora I* did not find that Plaintiff owned any percentage of VDL, nor did Plaintiff request such a finding in *Vahora I* by way of a declaratory judgment or otherwise. Rather, the jury simply determined that Qarni and VDL breached contracts with Plaintiff and Plaintiff incurred damages as a result. (*See* Doc. 1-1 at 23–28.) Plaintiff clearly could have requested such a finding, however, and could have used evidence adduced at trial, such as the testimony of Qarni that suggests Plaintiff owns some portion of VDL, in support the requested finding.

11

based on newly discovered evidence, unless 'the evidence was either fraudulently concealed or it could not have been discovered with due diligence.'").

Plaintiff's contention that res judicata does not apply because of the discovery of new evidence fails for two reasons.[6] First, Plaintiff has not shown that newly discovered evidence was fraudulently concealed in *Vahora I* or that Plaintiff could not have discovered the evidence with reasonable diligence.[7] For example, Plaintiff does not allege that he ever asked Qarni whether he believed that Plaintiff owned a percentage of VDL during discovery in *Vahora I*. *See Constantini*, 681 F.2d at 1203 (affirming dismissal of complaint based on res judicata where the plaintiff "insist[ed] that he did resort to discovery procedures in his 1975 suit and indeed made 'ceaseless efforts to discover the truth.' 1980 Complaint, P 34. But he gives no details of those efforts and never explains what discovery requests he made in the 1975 lawsuit [.]").

Second, and more significantly, even if this "new evidence"—Qarni's testimony that Plaintiff owned some portion of VDL—was "concealed," the concealment of that evidence did not prevent Plaintiff from bringing viable causes of action in *Vahora I* for breach of the duties owed to a partner or for an accounting.[8] *See Constantini*, 681 F.2d at 1203 n.12 (fraudulent concealment exception applies only "where defendant's misconduct prevented plaintiff from knowing, at the time of the first suit, either that he had a certain claim or else the extent of his injury."). As an initial matter, Plaintiff mischaracterizes Qarni's testimony, which was equivocal at best as to Plaintiff's ownership interest in VDL. (*See* Doc. 18-1 at 35–38.) The excerpts of the trial transcript

---

[6] Plaintiff also contends that the claims for breach of fiduciary duty and breach of partnership duties are not barred by res judicata because "they were not litigated" in *Vahora I*. (Doc. 18 at 12.) This contention fails because the question is whether the claims *could have* been litigated, not whether they actually were litigated. *See United States ex rel. Barajas*, 147 F.3d at 909.

[7] The Ninth Circuit has held that fraudulent concealment of evidence and diligent efforts to uncover the evidence, in the context of res judicata, must be pleaded with particularity in the complaint. *Constantini*, 681 F.2d at 1202–03.

[8] The complaint also alleges that Qarni testified that VDL was profitable in 2018, and that without an accounting, "Dr. Vahora has no way of knowing whether VDL is profitable." (Doc. 1 ¶¶ 39, 72.) However, Plaintiff could have brought a cause of action for accounting in *Vahora I* but declined to do so. Thus, Plaintiff's accounting cause of action is barred by res judicata notwithstanding that VDL may have become profitable after the filing of the SAC in *Vahora I*. *See Rocha*, 2014 WL 6685010, at *10 (The Ninth Circuit has "rejected the argument that 'events subsequent' are outside the parameters of res judicata[.]").

attached to Plaintiff's opposition brief, of which Plaintiff requested the Court take judicial notice, demonstrate that Qarni did not testify that Plaintiff "owned at least 36% of VDL" as Plaintiff contends, (Doc. 18 at 11), but instead simply replied affirmatively, after some prompting, in response to Plaintiff's counsel asking him if "Dr. Vahora owned a percentage interest in the partnership[.]" (*See* Doc. 18-1 at 35.) Qarni then proceeded to deny that his representations in VDL's tax returns that Qarni owned one hundred percent of VDL were false and continued to equivocate about whether Plaintiff owned a partnership interest in VDL and the extent of his ownership interest. (*See id.* at 35–38.)

The entire basis of Plaintiff's claims in *Vahora I* was the existence of a partnership between Plaintiff and Qarni in VDL, and Plaintiff made numerous specific allegations of the existence of the partnership and that Plaintiff had an ownership interest in VDL. (*See, e.g.,* Doc. 18-1 at 9 ("[Qarni] e-mailed Dr. Vahora to evidence the terms of the partnership achieved"), 10 ("Under the original partnership agreement, [Qarni] and Dr. Vahora were to each contribute $100,000 toward the purchase of VDL, and each was to own a 50 percent interest in VDL"), 11 ("As a result, the original 50/50 partnership in VDL by and between Dr. Vahora and [Qarni] became a de facto 60/40 partnership, with Dr. Vahora owning a 60 percent interest in VDL and [Qarni] owning a 40 percent interest in VDL.")). Plaintiff also had plenty of evidence that he had an ownership interest in VDL, which he alleged in the complaint and presented at trial in *Vahora I*. (*See, e.g.,* Doc. 18-1 at 9, 13–14 (referencing and reciting contents of separate emails between Qarni and Plaintiff evidencing the terms of the partnership and Plaintiff's ownership interest)).

Thus, Plaintiff clearly could have alleged claims for breach of the duties owed to a partner and an accounting based upon the facts available to Plaintiff at the time of the filing of the SAC in *Vahora I* and Plaintiff's factual allegations that he owned a partnership interest in VDL. Qarni's equivocal responses to a line of questioning by Plaintiff's counsel during trial in *Vahora I* did not bring to Plaintiff's attention, for the first time, that he might have a viable claim to bring based on

a partnership with Qarni in VDL.[9] *See Constantini*, 681 F.2d at 1203 n.12. Further, Plaintiff alleged in the SAC in *Vahora I* that Qarni "has denied the existence of his 40/60 partnership with Dr. Vahora in VDL." (Doc. 18-1 at 25.) This denial did not prevent Plaintiff from alleging in *Vahora I* the existence of the partnership or that Plaintiff owned a partnership interest in VDL, thus it "did not prevent [Plaintiff] from realizing what cause of action he had against [Qarni]" and Plaintiff could have brought in *Vahora I* the claims he brings now in *Vahora II*. *See Constantini*, 681 F.2d at 1203 n.12. Thus, *Vahora I* and *Vahora II* share a common transactional nucleus of facts. *See id.*

### ii. *The Remaining* Constantini *Factors Are Met.*

The remaining factors set forth in *Constantini* are also met. First, substantially the same evidence would be presented in *Vahora II* as was presented in *Vahora I*, including the tax returns produced by VDL and testimony from Plaintiff and Qarni as to the terms of the alleged partnership and the ownership interests of VDL. Further, while some additional evidence may be presented in *Vahora II*, including any tax documentation filed by VDL for 2018, some "additional evidence is not enough to establish the claim arises from a different transactional nucleus of facts." *See Rocha*, 2014 WL 6685010, at *10; *Int'l Union of Operating Eng'rs—Employers Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) ("The fact that some different evidence may be presented in this action . . . does not defeat the bar of res judicata.").

---

[9] Plaintiff's counsel contends in Plaintiff's opposition brief that Plaintiff "never had a basis . . . to make out a case for breach of the duties owed to a partner" before Qarni's tacit admission on the third day of trial in *Vahora I*. (Doc. 18 at 13.) If that is true, Plaintiff's counsel's filings in *Vahora I*, including the SAC, would appear to be in contravention of Rule 11 of the Federal Rules of Civil Procedure, which states that by presenting to the Court a pleading, counsel certifies that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Specifically, the SAC in *Vahora I*, filed on July 26, 2017, is replete with factual contentions that Plaintiff owned a partnership interest in VDL, (*see, e.g.,* Doc. 18-1 at 9–14), whereas Plaintiff's counsel is now effectively contending that Plaintiff had no factual basis to allege that he owned a partnership interest in VDL until Qarni's testimony on May 16, 2019. (*See* Doc. 18 at 13.)

*Vahora I* and *Vahora II* also involve the same rights—namely, Plaintiff's rights in relation to the partnership between Plaintiff and Qarni in VDL—and the rights and interests established in *Vahora I* may be impaired or altered by this action due to the risk of inconsistent judgments.[10] *See, e.g., Clements*, 69 F.3d at 330; *Page*, 2011 WL 3418385, at *2 ("Though the most important criterion is satisfied [same transactional nucleus of facts], the Court also notes that the remaining . . . factors support finding an identity of claims[.]"). Accordingly, the Court finds that Plaintiff's claims are barred by res judicata.

Because the Court finds that Plaintiff's claims are barred by res judicata, any amendment would be futile, and leave to amend is inappropriate. *See id.*; *Janis v. United States*, No. 1:04-cv-05812, 2011 WL 1258521, at *5 (E.D. Cal. Mar. 30, 2011).

## V. RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that Defendant's motion to dismiss, (Doc. 11), be GRANTED without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

---

[10] The Court notes that the litigation of *Vahora II* may also affect the rights and interests at issue in a bankruptcy action filed by Qarni on June 21, 2019. (*See* Doc. 1 ¶¶ 42, 50.)

IT IS SO ORDERED.

Dated: **January 2, 2020**　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE