UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GULAMNABI VAHORA, a Pennsylvania Individual,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY DIAGNOSTIC LABORATORY INC., a California corporation,<br><br>Defendant. | No. 1:19-cv-00912-DAD-SKO<br><br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br><br>(Doc. Nos. 11, 27) |

Plaintiff Gulamnabi Vahora filed the complaint in this action on July 2, 2019, alleging claims for appointment of a receiver, an accounting, breach of fiduciary duty, and breach of partnership duties against defendant Valley Diagnostics Laboratory, Inc. (Doc. No. 1.) On July 23, 2019, defendant filed a motion to dismiss the complaint, in part on res judicata grounds. (Doc. No. 11.) Specifically, defendant's motion is premised on the preclusive effect of a judgment entered in favor of plaintiff in a prior case in this district, *Vahora v. Valley Diagnostics Laboratory, Inc.*, No. 1:16-cv-01624-SKO ("*Vahora I*"), on the claims in this case, *Vahora v. Valley Diagnostic Laboratory, Inc.*, No. 1:19-cv-00912-DAD-SKO ("*Vahora II*"). (*See generally* Doc. No. 11.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 302.

/////

1

The assigned magistrate judge issued findings and recommendations on January 3, 2020, recommending that defendant's motion to dismiss be granted without leave to amend. (Doc. No. 27.) The findings and recommendations provided that any objections thereto were to be filed within twenty-one (21) days. Plaintiff filed objections on January 21, 2020, and defendant filed a response to those objections on January 31, 2020. (Doc. Nos. 29, 30.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, including plaintiff's objections, (Doc. No. 29), and defendant's response to those objections, (Doc. No. 30), the court finds that the findings and recommendations are supported by the record and proper analysis, save and except as to the applicable res judicata standards as explained below.

Plaintiff objects to the pending findings and recommendations primarily by asserting that the magistrate judge should have applied the res judicata standards under California law in addressing defendant's motion to dismiss, as opposed to the federal standards.[1] Relevant to consideration of plaintiff's objection is that the Ninth Circuit has held as follows:

> This court has held that a federal court sitting in diversity must apply the res judicata law of the state in which it sits. *Gramm v. Lincoln*, 257 F.2d 250, 255 n.6 (9th Cir. 1958). We have applied that rule even where the prior action was in federal court and involved federal questions. *See St. Paul Fire & Marine Ins. Co. v. Weiner*, 606 F.2d 864, 868 (9th Cir. 1979) (collateral estoppel rules of forum state applied where prior judgments were federal criminal convictions). Hence California's law of res judicata dictates what preclusive effect is to be accorded to the prior judgment against appellant. That California law, however, determines the res judicata effect of a prior federal court judgment by applying federal standards. Therefore, those federal standards are applicable here to determine the preclusive effect of the prior judgment.

---

[1] The undersigned notes that plaintiff did not raise this argument before the magistrate judge. In fact, there plaintiff cited cases that applied the federal res judicata standard and did not mention the standard under California law at all in his brief in opposition to defendant's motion to dismiss. (*See* Doc. No. 18 at 6–7.) Thus, plaintiff hindered the magistrate judge's ability to address the argument he now raises for the first time in his objections. Where, as here, the party presenting new arguments for the first time in objections to findings and recommendations is represented by counsel, the court has the discretion to decline to consider the belated arguments. *See United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000). Moreover, plaintiff's counsel has provided no explanation for their failure to present this argument to the magistrate judge in opposing defendant's motion to dismiss. Nonetheless, and out of an abundance of caution, the court will exercise its discretion to consider and address this new argument, even though it obviously should have been presented to the magistrate judge so that it could be addressed in the findings and recommendations and thereby conserve the scarce judicial resources of this district.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). In his objection plaintiff asserts that the Ninth Circuit's holding in *Costantini* on this point, "has been called into question." (Doc. No. 29 at 12–13.) Specifically, plaintiff contends that contrary to the statement in *Costantini*, California state courts do not apply federal standards in determining the preclusive effect of federal court judgments. (*Id.*).

It does appear that California courts do not generally apply federal standards to determine the preclusive effect of federal court judgments in diversity actions. *See Louie v. BFS Retail & Commercial Operations, LLC*, 178 Cal. App. 4th 1544, 1553–54 (2009); *Johnson v. GlaxoSmithKline, Inc.*, 166 Cal. App. 4th 1497, 1507 (2008), *as modified on denial of reh'g* (Oct. 14, 2008) ("Although [the prior judgments] are decisions by a federal court, because the district court was exercising diversity jurisdiction, California law determines their preclusive effect."); *S. California Stroke Rehab. Assocs., Inc., v. Nautilus, Inc.*, 782 F. Supp. 2d 1096, 1105 (S.D. Cal. 2011) ("California courts *do not* apply federal standards to determine the preclusive effect of federal court judgments in diversity actions."). Some federal and California courts have described this reality as California courts being at odds with the holding in *Costantini*. *See, e.g.*, *Prieto v. U.S. Bank Nat. Ass'n*, No. CIV S-09-901 KJM EFB, 2012 WL 4510933, at *8 (E.D. Cal. Sept. 30, 2012) ("California case law is not in accord [with *Costantini*]."). The undersigned does not necessarily draw that same conclusion. Although the court in *Costantini* did not emphasize the prior judgment's jurisdictional basis in that case, the prior judgment at issue there was in fact based on *federal question* jurisdiction.[2] 681 F.2d at 1200. It was in that context that the court held federal standards were applicable to determine the preclusive effect of the prior judgment. *Id.* at 1201.

Thus, in the undersigned's view, the decision in *Costantini* does not answer the question of whether a federal court should apply federal res judicata standards where the prior judgment is

---

[2] The court in *Costantini* interpreted two state court decisions to support its conclusion that California courts apply federal res judicata standards in determining the preclusive effect of any prior judgment rendered by a federal court. The first, *Younger v. Jensen*, 26 Cal. 3d 397, 411 (1980), considered a collateral estoppel argument based on a prior judgment in a federal question action. The second, *Levy v. Cohen*, 19 Cal. 3d 165, 172–73 (1977), involved a prior judgment from a bankruptcy case. Federal district courts have original and exclusive jurisdiction over cases arising under the bankruptcy code. *See* 28 U.S.C. § 1334(a).

3

based on *diversity* jurisdiction. (*See* Doc. No. 1-1 at 4.) This interpretation is supported by the more recent decision of the Ninth Circuit in *Gustafson v. U.S. Bank N.A.*, 618 F. App'x 921 (9th Cir. 2015)[3] (citing *Costantini*, 681 F.2d at 1201 and *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508–09 (2001)). There, the Ninth Circuit determined that the district court— exercising its diversity jurisdiction—improperly applied the federal res judicata standards because it should have applied California law in determining the preclusive of a prior federal diversity case. *Id.* at 922. That conclusion is consistent both with the undersigned's interpretation of the holding in *Costantini* as well as the authorities upon which plaintiff relies in support of his objections. The undersigned therefore concludes that this court must apply res judicata standards as governed by California law in determining the preclusive effect of *Vahora I* on this action.

The question of whether state or federal law governs this decision, however, is of no significance here. Indeed, whether the undersigned's interpretation of the Ninth Circuit's decision in *Costantini* set forth above is correct or not has no impact on the resolution of the pending motion to dismiss. This is because:

> California follows the primary right theory of *Pomeroy*; i.e., a cause of action consists of 1) a primary right possessed by the plaintiff, 2) a corresponding primary duty devolving upon the defendant, and 3) a delict or wrong done by the defendant which consists in a breach of such primary right and duty. Thus, two actions constitute a single cause of action if they both affect the same primary right.

*Gamble v. Gen. Foods Corp.*, 229 Cal. App. 3d 893, 898 (1991), *reh'g denied and opinion modified* (May 28, 1991) (internal citations omitted). "A 'plaintiff's primary right is defined by the legally protected interest which is harmed by defendant's wrongful act, and is not necessarily coextensive with the consequence of that wrongful act.'" *Fujifilm Corp. v. Yang*, 223 Cal. App. 4th 326, 332 (2014) (quoting *Henderson v. Newport–Mesa Unified School Dist.* 214 Cal.App.4th 478, 499 (2013)).

Here, plaintiff asserts that under California's primary right theory this action, *Vahora II*, should not be dismissed because *Vahora I* litigated only his contractual rights, whereas in *Vahora*

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4

*II* it is his statutory rights that are at issue. (Doc. No. 29 at 14.) However, as the magistrate judge correctly noted in the pending findings and recommendations, both *Vahora I* and *Vahora II* involve plaintiff's *partnership rights* "in relation to the partnership between Plaintiff and Qarni in VDL." (Doc. No. 27 at 15.) Thus, plaintiff's "primary right" is his right to competent performance of partnership obligations by defendant—regardless of whether the source of the obligations is contractual in one action and statutory in the other. *See, e.g.*, *Baiul v. NBC Sports*, No. cv-15-05163-DDP (MRWX), 2016 WL 5842189 at *4 (C.D. Cal. Oct. 5, 2016) (rejecting the plaintiff's argument that "different primary rights are at issue because 'a cause of action in contract asserts a different primary right than a cause of action in tort'") *aff'd sub nom. Baiul v. NBC Sports, a division of NBCUniversal Media, LLC*, 732 F. App'x 529 (9th Cir. 2018), as amended (June 13, 2018); *Alpha Mechanical, Heating & Air Conditioning, Inc. v. Travelers Casualty & Surety Co. of America*, 133 Cal.App.4th 1319, 1332 (2005) (the defendant's "attempt to distinguish . . . primary rights as sounding in tort or contract is irrelevant"; primary right was "the right to competent performance," primary duty was "to competently perform," and injury was "negligent or wrongful performance"); *Burdette v. Carrier Corp.*, 158 Cal.App.4th 1668, 1674–75 (2008) ("Res judicata bars the relitigation not only of claims that were conclusively determined in the first action, but also matter that was within the scope of the action, related to the subject matter, and relevant to the issues so that it could have been raised.").

Plaintiff cannot escape this bar by attempting to frame the harm as occurring during rather than prior to the trial in *Vahora I*. In his complaint filed in this action (*Vahora II*), plaintiff alleges that

> Qarni's testimony at trial indicates that VDL has engaged in grossly negligent and/or reckless conduct with respect to the knowingly false and fraudulent declaration of 100% ownership interest VDL, since 2012, in violation of Section 16404(c) of the California Corporate Code, constituting a breach of fiduciary duty owed to the partner who did not participate in the negligent and/or reckless conduct.

(Doc. No. 1 at ¶ 79.) Ultimately, plaintiff asserts that he was harmed because VDL never provided him with a Schedule K-1 form and thus he "could not employ VDL's losses to offset is [*sic*] taxable income for the years 2012-2019." (*Id.* at ¶¶ 84–86.) However, this alleged breach of

fiduciary duty occurred at the same time as defendant's alleged breach of contract, and ultimately produced a single harm: deprivation of plaintiff's partnership rights. Thus, *Vahora I* and *Vahora II* involve the same primary right.

As to plaintiff's objection that defendant's motion to dismiss cannot be based on res judicata grounds, plaintiff misunderstands the meaning of "disputed issue of fact" in the context of the application of the res judicata doctrine.[4] (*See* Doc. No. 29 at 11–12.) As the pending findings and recommendations note, "[r]es judicata may properly be raised in a Rule 12(b)(6) motion to dismiss based upon the court taking judicial notice of the record in the prior case where no disputed issues of fact appear." (Doc. No. 27 at 7) (quoting *Silva v. Yosemite Community College District*, No. 1:19-cv-00795-LJO-EPG, 2019 WL 687837, at *5 (E.D. Cal. Dec. 17, 2019)). Plaintiff objects, contending that a disputed issue of fact is raised here because the parties disagree as to "the extent of [plaintiff's] ownership interest" in the defendant corporation. (Doc. No. 29 at 12.) However, where a defendant argues that an action is barred on res judicata grounds based solely on the complaint in the subsequent case and the record in the prior case, as defendant does here, by definition, the argument "does not present any disputed issues of fact." *See Baskin v. Federal Home Mortg. Corp.*, No. cv-12-08171-PHX-GMS, 2012 WL 6029741, at *1 (D. Ariz. Dec. 4, 2012). While the parties here clearly disagree regarding the extent of defendant's liability in *Vahora II*, that disagreement fails to present a "disputed issue of fact" for the purposes of res judicata where the analysis is confined to the complaint in *Vahora II* and the record in *Vahora I*. *See id.*

The pending findings and recommendations also do not improperly characterize Mr. Qarni's trial testimony in *Vahora I*, as plaintiff contends. (*See* Doc. No. 29 at 16.) The court "need not accept as true allegations 'contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading[s].'" *See Spy Optic v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 764 (C.D. Cal. 2015) (citation omitted). Here, the

---

[4] Plaintiff's opposition also did not object to defendant raising res judicata in its motion to dismiss. Rather, plaintiff again has raised this argument for the first time in his objections to the pending findings and recommendations. This is improper. *See* fn. 1, above. Nonetheless, and once again out of an abundance of caution, the court will exercise its discretion to consider and address the belatedly advanced argument.

magistrate judge properly took judicial notice of the record in *Vahora I*, and thus the court need not accept as true plaintiff's allegation regarding Qarni's testimony when the documents the court has taken judicial notice of belie those allegations. *See id.*

Finally, as to plaintiff's request to amend the complaint, where the court determines that claims raised in a complaint are barred by res judicata, any amendment would normally be futile. *See Costantini*, 681 F.2d at 1203; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Huggins v. Hynes*, 117 F. App'x 517, 518 (9th Cir. 2004)[5]; *Janis v. United States*, No. 1:04-cv-05812, 2011 WL 1258521, at *5 (E.D. Cal. Mar. 30, 2011). Here, the findings and recommendations correctly note that even if plaintiff could plead with sufficient particularity that defendant "fraudulently concealed" evidence from him, the concealment of that evidence did not prevent plaintiff from bringing viable claims in *Vahora I* for breach of fiduciary duty, breach of partnership duties, or for an accounting. (Doc. No. 27 at 12); *see also Costantini*, 681 F.2d at 1203 n.12 (noting that the fraudulent concealment exception applies only "where defendant's misconduct prevented plaintiff from knowing, at the time of the first suit, either that he had a certain claim or else the extent of his injury"). In his objections, plaintiff asks

> How could Dr. Vahora possibly have known in October of 2016 about contentions Mr. Qarni would make in a bankruptcy litigation and a related Adversary Action that would be brought in the summer of 2019? How could he have protected himself in tort against the repercussions of those contentions prior to receiving knowledge of them?

(Doc. No. 29 at 11.) As defendant notes in its reply, "it is not facially plausible that Vahora—who alleged very specific partnership interests prior to the dissolution of the partnership—could not have obtained information about ownership interests through discovery." (Doc. No. 30 at 13–14.) The undersigned agrees and concludes that the granting of leave to amend under the circumstances presented here would be futile.

/////

/////

---

[5] *See* fn. 3, above.

Accordingly:

1. The findings and recommendations issued January 3, 2020 (Doc. No. 27) are adopted but-for the application of federal res judicata standards, as described above;
2. Defendant's motion to dismiss (Doc. No. 11) is granted without leave to amend; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 5, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE